Stevens <em>against</em> Dubarry.

DEBT in the Circuit Court of *Bibb* County. *John Du-* *barry* against *Henry W. Stevens* and *Sally B. Stevens* as Administrators of *Robert Sterrett.* The declaration charges that the estate of *Sterrett* had been reported insolvent, and that $1260 62½ had been allowed by the County Court, and ordered and adjudged to be paid by defendants to plaintiff as his proportion of his claim, and that defendants had committed a devastavit. The defendants in their proper persons acknowledged the plaintiff's right of action for this sum, and $79 83 interest thereon, " to be levied as well of the property of the said *Henry W.* as the intestate." Judgment was thereupon rendered for said amount of debt, and interest and costs, " to be levied of the proper goods and chattels, lands and tenements, of the defendants."

*Henry W. Stevens* having departed this life, *Sally B. Stevens*, his widow and surviving defendant, prosecuted a writ of Error to this Court. The assignments of Errors on which the decision turned, appear in the

*Husband & wife confess a judgment for devastavit committed during the coverture to be levied as well of the property of the husband as of the intestate; the judgment entered to be levied of the proper goods and chattels, lands and tenements, of the defendants. 1, The judgment does not pursue the cognovet. 2, The wife not bound by the confession made during the coverture.*

Opinion of the Court delivered by Judge *Crenshaw.*

A judgment on confession must pursue the terms and conditions of the cognovit. The cognovit by *Stevens* and wife was on condition, " to be levied as well of the property of *Henry W. Stevens* as of the intestate *Sterrett.*" The judgment as entered is to be levied of the estate of both the defendants, *Stevens* and his wife, and does not pursue the confession.

The devastavit was charged to have been committed by the husband and wife ; and though they may be jointly liable, yet the confession of the wife during the coverture must be considered to have been induced by the authority and coercion of her husband. It is a nullity, or at least voidable by her, after her husband's death ; and she now seeks to avoid it by her writ of Error.

The judgment must be reversed.

Judges *Saffold* and *Minor* not sitting.

DECEMBER, 1824.

Stevens
v.
Dubarry.

*H. G. Perry*, for plaintiff, cited 2 Cain's R. 321.    3 Cain, 129.   1 John. Cases, 276.    2 Bl. 355.    Reeve's Domestic Relations, 67.    1 Salk. 24.    2 Ld. Raym. 825.

*Clay*, for defendant in Error.